IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KELLY PRICE,[1] | § | |
| | § | No. 282, 2021 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN-07-05893 |
| HARRY BROOKS, | § | Petition No. 20-00100 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: February 18, 2022
Decided:　April 6, 2022
Corrected: April 7, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated August 24, 2021. The appellee ("Father") filed a petition in the Family Court seeking increased time with the parties' children, who since the parties' divorce in 2009 had been visiting with Father on an alternating-weekend basis in accordance with an agreement between the parties. The Family Court appropriately considered the best-interest factors set forth in 13 *Del. C.* § 722. In

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

determining the residential arrangement for the children, the Family Court acted within its broad discretion.[2] Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See Russell v. Stevens*, 2007 WL 3215667, at *2 (Del. Nov. 1, 2007) (affirming Family Court's residential-placement determination and stating that when the Family Court appropriately considers and weighs each of the best-interest factors, the "law vests wide discretion in the trial court to determine where custody shall be placed").

[3] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).